IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00236-BNB

JACK TORRES,

    Plaintiff,

v.

DANA BUSTOS, Mental Health, C.D.O.C.,
GOVERNOR BILL RITTER, State of Colorado,
TANIA GARCIA, Arrowhead Correctional Center Therapeutic Community, C.D.O.C. @ A.C.C.,
GRIEGO, G., Arrowhead Correctional Center, C.D.O.C. @ A.C.C.,
SGT. CANTONWINE, Arrowhead Correctional Center, C.D.O.C. @ A.C.C.,
ARISTEDES ZAVARAS, Executive Director, C.D.O.C.,
ASSISTANT WARDEN O'NEAL, Correctional Corporation of America, Kit Carson Correctional Center, C.C.A. @ K.C.C.C.,
CHIEF EARHART, Correctional Corporation of America, Kit Carson Correctional Center, C.C.A. @ K.C.C.C.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 3 2010

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jack Torres, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Torres has filed **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Torres also asserts a claim pursuant to Title II of the Americans with Disabilities Act (ADA).

The court must construe the complaint liberally because Mr. Torres is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Torres will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that the complaint is deficient because Mr. Torres fails to provide a clear statement of each claim he is asserting in this action. It appears that Mr. Torres' first claim for relief, an equal protection claim, is asserted against Defendant Cantonwine and that his fourth claim for relief, an Eighth Amendment claim, is asserted against Defendants O'Neal and Earhart. Mr. Torres also asserts specific facts in support of his first and fourth claims for relief. However, Mr. Torres' other three claims are not clear. For example, Mr. Torres alleges in his second claim that he was removed from the Therapeutic Community Treatment Program in December 2008 in violation of his due process rights, but he fails to identify which Defendant or Defendants the second claim is asserted against. Mr. Torres mentions Defendant Cantonwine in connection with his third claim for relief, but it is not clear if the third claim is being asserted only against Defendant Cantonwine or whether that claim also is being asserted against some other Defendant or Defendants. In addition, Mr. Torres fails in his third claim for relief to specify the Fourteenth Amendment right that allegedly has been violated and he fails to allege specific facts in support of his contention that his rights under the ADA have been violated. Finally, although Mr. Torres asserts a fifth claim for relief, his allegations in support of the fifth claim are conclusory and do not provide a clear and concise statement of the alleged constitutional deprivation that is the basis for the fifth claim. In fact, it is not even clear whether the fifth claim actually is a separate claim for relief or merely a summary of the constitutional claims asserted elsewhere in the complaint.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Torres "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Torres must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for constitutional violations committed by someone else on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986).

Therefore, if Mr. Torres wishes to pursue his claims in this action, he must file an amended complaint that clarifies the specific claims for relief he is asserting and that includes specific factual allegations in support of each asserted claim. Accordingly, it is

ORDERED that Mr. Torres file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Torres, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Torres fails to file an amended complaint within the time allowed that complies with this order the action will be dismissed without further notice.

DATED May 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00236-BNB

Jack Torres
Prisoner No. 117267
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** individuals on 5/3/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk