IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00236-BNB

JACK TORRES,

    Plaintiff,

v.

DANA BUSTOS, Mental Health, Colorado Department of Corrections (CDOC),
GOVERNOR BILL RITTER, State of Colorado,
TANIA GARCIA, Colorado Department of Corrections (CDOC), Arrowhead Correctional
    Center (ACC) Therapeutic Community (TC),
G. GRIEGO, Colorado Department of Corrections (CDOC), Arrowhead Correctional
    Center (ACC),
ARISTEDES W. ZAVARAS, Executive Director of the Colorado Department of
    Corrections (CDOC),
ASSISTANT WARDEN O'NEAL, Correctional Corporation of America (CCA),
    Kit Carson Correctional Center (KCCC),
CHIEF EARHART, Correctional Corporation of America (CCA), Kit Carson Correctional
    Center (KCCC),
SERGEANT CANTONWINE, Colorado Department of Corrections (CDOC), Arrowhead
    Correctional Center (ACC), and
JOHN DOE & JANE DOE 1-10,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 10 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Jack Torres, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Mr. Torres initiated this action by filing *pro se* a Prisoner Complaint asserting claims pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). On May 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Torres to file an amended complaint that clarifies the specific claims for relief he is asserting and that

includes specific factual allegations in support of each asserted claim. On June 2, 2010, Mr. Torres filed an amended complaint seeking compensatory and punitive damages and a declaration that his rights were violated.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Torres is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Torres is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Torres alleges that he was placed in the Therapeutic Community (TC) treatment program at the Arrowhead Correctional Center (ACC) in 2008. He further alleges that he was assigned to work in the ACC kitchen for a period of ninety days as

part of the TC program and that, during his kitchen assignment, he was harassed and humiliated by his supervisor, Sergeant Cantonwine. Mr. Torres specifically claims that Defendant Cantonwine violated his right to equal protection (claim one) by ordering him to complete difficult tasks, ordering him to return to the kitchen after he had been cleared to return to his unit, and by presenting him with a "Certificate of Depreciation" on the final day of his kitchen assignment. Mr. Torres also claims that Defendant Cantonwine's harassment and humiliation violated his rights under the Fourteenth Amendment and Title II of the ADA (claim three).

Mr. Torres also claims that he was terminated from the TC program without due process by Defendants G. Griego and Tania Garcia in December 2008 (claim two). Mr. Torres specifically alleges that, as a result of his termination from the TC program, he was transferred to the Kit Carson Correctional Center (KCCC), a higher security facility, and he was not eligible to receive the maximum amount of earned time credits for one year until he was reinstated into the TC program at SCF.

Mr. Torres next asserts an Eighth Amendment claim against Defendants O'Neal and Earhart based on the conditions of his confinement at KCCC (claim four). Mr. Torres specifically alleges that he was denied proper amenities while he was housed in segregation for approximately one month and that he was assaulted by other inmates when he subsequently was placed in a dangerous housing environment.

Although Mr. Torres asserts a fifth claim for relief, the fifth claim does not raise any new issues. Instead, Mr. Torres attempts in the fifth claim for relief to allege facts that demonstrate personal participation by each of the named Defendants in the constitutional violations raised in the first four claims described above. Therefore, to

part of the TC program and that, during his kitchen assignment, he was harassed and humiliated by his supervisor, Sergeant Cantonwine. Mr. Torres specifically claims that Defendant Cantonwine violated his right to equal protection (claim one) by ordering him to complete difficult tasks, ordering him to return to the kitchen after he had been cleared to return to his unit, and by presenting him with a "Certificate of Depreciation" on the final day of his kitchen assignment. Mr. Torres also claims that Defendant Cantonwine's harassment and humiliation violated his rights under the Fourteenth Amendment and Title II of the ADA (claim three).

Mr. Torres also claims that he was terminated from the TC program without due process by Defendants G. Griego and Tania Garcia in December 2008 (claim two). Mr. Torres specifically alleges that, as a result of his termination from the TC program, he was transferred to the Kit Carson Correctional Center (KCCC), a higher security facility, and he was not eligible to receive the maximum amount of earned time credits for one year until he was reinstated into the TC program at SCF.

Mr. Torres next asserts an Eighth Amendment claim against Defendants O'Neal and Earhart based on the conditions of his confinement at KCCC (claim four). Mr. Torres specifically alleges that he was denied proper amenities while he was housed in segregation for approximately one month and that he was assaulted by other inmates when he subsequently was placed in a dangerous housing environment.

Although Mr. Torres asserts a fifth claim for relief, the fifth claim does not raise any new issues. Instead, Mr. Torres attempts in the fifth claim for relief to allege facts that demonstrate personal participation by each of the named Defendants in the constitutional violations raised in the first four claims described above. Therefore, to

part of the TC program and that, during his kitchen assignment, he was harassed and humiliated by his supervisor, Sergeant Cantonwine. Mr. Torres specifically claims that Defendant Cantonwine violated his right to equal protection (claim one) by ordering him to complete difficult tasks, ordering him to return to the kitchen after he had been cleared to return to his unit, and by presenting him with a "Certificate of Depreciation" on the final day of his kitchen assignment. Mr. Torres also claims that Defendant Cantonwine's harassment and humiliation violated his rights under the Fourteenth Amendment and Title II of the ADA (claim three).

Mr. Torres also claims that he was terminated from the TC program without due process by Defendants G. Griego and Tania Garcia in December 2008 (claim two). Mr. Torres specifically alleges that, as a result of his termination from the TC program, he was transferred to the Kit Carson Correctional Center (KCCC), a higher security facility, and he was not eligible to receive the maximum amount of earned time credits for one year until he was reinstated into the TC program at SCF.

Mr. Torres next asserts an Eighth Amendment claim against Defendants O'Neal and Earhart based on the conditions of his confinement at KCCC (claim four). Mr. Torres specifically alleges that he was denied proper amenities while he was housed in segregation for approximately one month and that he was assaulted by other inmates when he subsequently was placed in a dangerous housing environment.

Although Mr. Torres asserts a fifth claim for relief, the fifth claim does not raise any new issues. Instead, Mr. Torres attempts in the fifth claim for relief to allege facts that demonstrate personal participation by each of the named Defendants in the constitutional violations raised in the first four claims described above. Therefore, to

the extent the fifth claim is being asserted as a separate claim, the claim is repetitive and will be dismissed. However, the Court will consider the allegations in claim five as they relate to the other claims in the amended complaint.

The Court notes initially that Mr. Torres may not seek declaratory relief in this action because a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Mr. Torres fails to demonstrate a good chance that he will face the same or similar injuries as those alleged in the amended complaint because his claims in the amended complaint relate to incidents that occurred while he was incarcerated at ACC and KCCC and he no longer is incarcerated at either of those prisons. Therefore, the request for declaratory relief will be denied because Mr. Torres fails to demonstrate that the entry of declaratory relief will have any effect on any Defendants' behavior towards him. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

The Court next will address Mr. Torres' second claim, the due process claim based on his termination from the TC program in December 2008. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Torres was transferred to a higher security facility and was not eligible to earn the maximum amount of earned time credits for one year did not deprive him of life or property. Therefore, the due process claim Mr. Torres asserts in this action depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *See Sandin*, 515 U.S. at 487.

The Court has reviewed the amended complaint and finds that the due process claim lacks merit. Mr. Torres' transfer to KCCC did not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. Mr. Torres' inability to earn the maximum amount of earned time credits also did not implicate a liberty interest that arises under the Constitution because earned time credits are not protected independently by the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

The Court also finds that Mr. Torres fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law. Mr. Torres fails to

allege any facts to demonstrate that his transfer to KCCC imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Furthermore, Colorado law has not created a liberty interest in earned time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). Instead, under Colorado law, earned time credits do not constitute service of a prisoner's sentence and are used solely to determine the date on which he will be eligible for discretionary parole. *See Meyers v. Price*, 842 P.2d 229, 231-32 (Colo. 1992). As a result, any impact on Mr. Torres' parole eligibility date caused by his ineligibility to earn the maximum amount of earned time credits did not inevitably affect the length of his confinement because the decision to release an inmate on parole "rests on a myriad of considerations." *Sandin*, 515 U.S. at 487. Therefore, there is no protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that loss of opportunity to earn good time credits that could lead to earlier parole is a speculative, collateral consequence of prison administrative decision that does not involve a liberty interest). In the absence of a constitutionally protected liberty interest, Mr. Torres' due process claim is legally frivolous and will be dismissed for that reason. Because claim two is the only claim Mr. Torres asserts against Defendants Garcia and Griego, they will be dismissed as parties to this action.

Finally, the Court will dismiss Defendants Dana Bustos, Bill Ritter, and Aristedes Zavaras as parties to this action because Mr. Torres fails to allege facts that demonstrate these Defendants personally participated in the asserted constitutional violations. As Magistrate Judge Boland advised Mr. Torres, personal participation is

an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Torres must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Torres' allegations with respect to Defendants Bustos, Ritter, and Zavaras do not demonstrate that those Defendants personally participated in Defendant Cantonwine's alleged harassment and humiliation that provide the factual basis for claims one and three. Mr. Torres also fails to allege facts that demonstrate Defendants Bustos, Ritter, and Zavaras personally participated in the alleged Eighth Amendment violations at KCCC that provide the factual basis for claim four. Therefore, because Mr. Torres fails to allege personal participation by Defendants Bustos, Ritter, and Zavaras in any of the claims that remain in this action, the claims against Defendants Bustos, Ritter, and Zavaras are legally frivolous and must be dismissed.

In summary, claim five, Mr. Torres' claims for declaratory relief, the due process claim based on Mr. Torres' termination from the TC program in December 2008 (claim two), and the claims asserted against Defendants Dana Bustos, Governor Bill Ritter, and Aristedes W. Zavaras will be dismissed as legally frivolous. The Court will not

address at this time the merits of Mr. Torres' claims against Defendant Sergeant Cantonwine (claims one and three) and Defendants O'Neal and Earhart (claim four). Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that claims two and five in the amended complaint, Plaintiff's claims for declaratory relief, and the claims asserted against Defendants Dana Bustos, Governor Bill Ritter, and Aristedes W. Zavaras are dismissed as legally frivolous. It is

FURTHER ORDERED that Defendants Dana Bustos, Governor Bill Ritter, Tania Garcia, G. Griego, and Aristedes W. Zavaras are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __9th__ day of __June__, 2010.

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00236-BNB

Jack Torres
Prisoner No. 117267
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk