IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00236-PAB

JACK TORRES,

    Plaintiff,

v.

ASSISTANT WARDEN O'NEAL, Correctional Corporation of America (CCA),
    Kit Carson Correctional Center (KCCC),
CHIEF EARHART, Correctional Corporation of America (CCA), Kit Carson Correctional
    Center (KCCC),
SARGEANT [sic] CANTONWINE, Colorado Department of Corrections (CDOC),
    Arrowhead Correctional Center (ACC), and
JOHN DOE & JANE DOE 1-10,

    Defendants.

**ORDER**

This matter comes before the Court on plaintiff Jack Torres' "Reconsideration Reference of Dispositive Motions" [Docket No. 20]. Because Mr. Torres is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Mr. Torres has filed his pleading pursuant to D.C.COLO.LCivR 72.3.E, which allows a district judge, upon a party's showing of "extraordinary circumstances," to vacate a reference of a dispositive motion to a magistrate judge. However, no dispositive motions have been filed in this case and, as a result, none have been referred to the assigned magistrate judge. Thus, Local Rule 72.3.E does not apply to Mr. Torres' request.

Mr. Torres' pleading complains about the Court's June 10, 2010 Order [Docket No. 15], in which the Court dismissed plaintiff's second claim for relief pursuant to its review under 28 U.S.C. § 1915A. Because defendants Tania Garcia and G. Griego were only named in the second claim, the June 10 Order also dismissed them from the action. Mr. Torres asks the Court "to vacate a reference of a dispositive motion, to Dismiss in Part claim two of the Ammended [sic] complaint, and re-enter judgement to admitt [sic] Defendants Tania Garcia and Griego, G." Docket No. 20 at 3. The Court will treat Mr. Torres' pleading as a motion to reconsider that portion of the June 10 Order dismissing his second claim for relief.

As an initial matter, Mr. Torres appears to be under the impression that the June 10 Order was issued by a magistrate judge. It was not. Rather, it was issued by District Judge Christine M. Arguello for Senior District Judge Zita L. Weinshienk. Thus, there is no issue regarding the reference of a dispositive matter to a magistrate judge.

The Federal Rules of Civil Procedure do not expressly provide for motions for "reconsideration." *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment. . . . In such a case, the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b).") (quotations and citations omitted).

Where, as here, a party seeks "reconsideration" of a non-final order, that motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *United Fire & Cas. Co.*, 2010 WL 420046, at *3. Although courts in this district have applied different standards, *see id.* (noting cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard), the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Under any of these standards, plaintiff's motion must be denied. Plaintiff cites no new facts or case law subsequent and contradictory to the June 10 ruling. At bottom, plaintiff's dispute is with the court's reasoning. That is not sufficient grounds for reconsideration. Wherefore, it is

ORDERED that plaintiff's "Reconsideration Reference of Dispositive Motions" [Docket No. 20] is denied.

DATED June 30, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge