IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00236-PAB-KLM

JACK TORRES,

 Plaintiff,

v.

ASSISTANT WARDEN O'NEAL [sic], Correctional Corporation of America (CCA),
  Kit Carson Correctional Center (KCCC),
CHIEF EARHART [sic], Correctional Corporation of America (CCA), Kit Carson
  Correctional Center (KCCC),
SARGEANT [sic] CANTONWINE, Colorado Department of Corrections (CDOC),
  Arrowhead Correctional Center (ACC), and
JOHN DOE & JANE DOE 1-10,

 Defendants.

---

# ORDER

---

 This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 48] filed on January 14, 2011. United States Magistrate Judge Kristen L. Mix recommends that summary judgment be granted in favor of the defendants and that the case be dismissed with prejudice. Magistrate Judge Mix informed the parties that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* Docket No. 48 at 15; *see also* 28 U.S.C. § 636(b)(1)(C). Plaintiff filed timely objections on January 28, 2011 [Docket No. 53].[1] The Court will therefore review the pending motions in the matter de novo. *See* Fed. R. Civ. P. 72(b)(3). Moreover, in light of plaintiff's pro se status, the

---

[1]Defendants Neal and Erhart filed a response [Docket No. 54] to plaintiff's objections, in which defendant Cantonwine has joined [Docket No. 56].

Court construes plaintiff's pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his amended complaint [Docket No. 14], plaintiff brought five claims for relief. On June 10, 2010, the Court dismissed plaintiff's second and fifth claims for relief pursuant to its review under 28 U.S.C. § 1915A.  *See* Docket No. 15.  Plaintiff's claims against defendants Neal,[2] Erhart,[3] and Cantonwine remain.  Plaintiff alleges that defendant Cantonwine violated the equal protection clause of the Fourteenth Amendment and the Americans with Disabilities Act ("ADA") by forcing plaintiff to engage in difficult and humiliating work and by presenting plaintiff with a "Certificate of Depreciation" which stated that "the more I got to know you, the less I relized [sic] you [sic] worth."  Docket No. 14 at 6-7, 12-13.  Plaintiff alleges that defendants Neal and Erhart violated the Eighth Amendment by denying him "proper amenities" while he was mistakenly placed in a "segregation overflow" unit for approximately one month and for failing to "take measures to guarantee [his] safety."  Docket No. 14 at 14-16.  Plaintiff contends that these violations constituted "physical [and] psychological abuse."  Docket No. 14 at 15.

On August 23, 2010, defendant Cantonwine filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) or for Summary Judgment [Docket No. 30]. Defendants Neal and Erhart filed a motion for summary judgment on September 30,

---

[2] Plaintiff incorrectly spelled defendant Neal's name as "O'Neal" in his amended complaint.

[3] Plaintiff incorrectly spelled defendant Erhart's name as "Earhart" in his amended complaint.

2010 [Docket No. 34]. Defendants all argue that plaintiff's claims against them should be dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires prisoners to exhaust available administrative remedies prior to filing a federal lawsuit regarding prison conditions. "[P]risoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Plaintiff was required to complete a three-step grievance process. *See* Colorado Department of Corrections ("CDOC") Admin. Reg. 850-04; Docket No. 53 at 18-25. Failure to complete the administrative review process is an affirmative defense. *See Jones*, 549 U.S. at 216. Therefore, defendants have the initial burden of coming forward with evidence showing their entitlement to summary judgment on this claim. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).[4]

Defendants have met that burden in this case. Defendant Cantonwine submitted an affidavit of Anthony DeCesaro, who is a Grievance Officer with the CDOC, dated August 19, 2010. *See* Docket No. 30-1 at 1, ¶ 1. Mr. DeCesaro asserts that he "reviewed the CDOC's records concerning the filing of grievances by Jack Torres . . . to

---

[4]Consequently, as the Recommendation concluded, the Court addresses defendant Cantonwine's motion, which alternatively seeks relief pursuant to Federal Rules of Civil Procedure 12 or 56, pursuant to Rule 56. *Cf. Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n. 2 (10th Cir. 1996) ("'[W]hen a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the part[y] puts [him] on notice that the judge may treat the motion as a Rule 56 motion.'") (citation omitted, alteration in original).

determine whether Mr. Torres filed any Step 3 grievances concerning allegations of misconduct by Sgt. J. Cantonwine" and "found no record that Mr. Torres filed any grievances alleging misconduct by a staff person named Sgt. Cantonwise at any time." Docket No. 30-1 at 2, ¶¶ 11-12. In regard to defendants Neal and Erhart, Mr. DeCesaro avers in a September 29, 2010 affidavit that he conducted a similar review and did not find "any record that Mr. Torres filed any grievances alleging misconduct by Assistant Warden Steven Neal and Chief Jason Erhart at any time." Docket No. 34-3 at 4, ¶ 12. Furthermore, the defendants point out that none of the grievances attached to plaintiff's complaint describe the specific conduct underlying his claims here. The Court finds that the defendants have thus met their "initial burden." Therefore, "the plaintiff must . . . demonstrate with specificity the existence of a disputed material fact." *Hutchinson*, 105 F.3d at 564.

Plaintiff argues that, because he requests monetary relief, he was not required to exhaust administrative remedies. That argument has been squarely rejected by the Supreme Court. *See Booth v. Churner*, 532 U.S. 731, 740 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). In regard to his claims against defendant Cantonwine, plaintiff also contends that he addressed defendant Cantonwine's conduct in filed grievances but did not identify defendant Cantonwine by name because he was afraid of retaliation. *See Hoover v. West*, 93 F. App'x 177, 181 (10th Cir. 2004) ("Where prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy

'unavailable' and a court will deem that procedure 'exhausted.'"); *cf. Jones v. Bock*, 549 U.S. 199, 219 (2007) ("[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."). But the grievances he filed are inconsistent with this description. They make no reference to the conduct supporting his equal protection and ADA claims against defendant Cantonwine. Rather, they focus upon his desire to be returned to a therapeutic treatment program from which he was removed. Furthermore, and in any event, "[p]laintiff's conclusory allegations [regarding fear of retaliation], standing alone, do not create a genuine issue of material fact." *Escobar v. Brown*, No. 06-cv-01222-CMA-KLM, 2010 WL 5230874, at *5 (D. Colo. Dec. 16, 2010) (citing *Thomas v. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. 2008); *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir.1995); *Wallin v. Dycus*, No. 03-cv-00174-CMA-MJW, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009); *White v. Tharp*, No. 06-cv-01179-EWN-KLM, 2008 WL 596156, at *10 (D. Colo. Feb. 29, 2008)).

Plaintiff contends that, in October 2008, he "informed [his] Case Manager about [defendant] Cantonwine['s] misconduct and was told it was a non-grievable issue and was part of my therap[e]utic treatment." Docket No. 36 at 2; *see* Docket No. 41 at 3. First, as the Recommendation points out, plaintiff "did not submit any evidence in support of the statements, and he did not sign" his averments "under penalty of perjury so that it could be construed by the Court as an affidavit." Docket No. 48 at 13. This section of the Recommendation alerted plaintiff that mere assertions would be insufficient to overcome summary judgment. Plaintiff, however, neither objected to this

aspect of the Recommendation nor attempted to remedy the deficiency in his opposition to the Recommendation.[5] Therefore, the Court sees no reason to afford plaintiff another "opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e). Furthermore, plaintiff does not argue that he detrimentally relied on his case manager's statement that it was a "non-grievable issue" and, as already noted, argues that he *did* exhaust his administrative remedies. *See Stephens v. Guilfoyle*, 225 F. App'x 732, 736 (10th Cir. 2007) ("Mr. Stephens' argument that prison officials have interfered with his grievances in various ways, such as delay in responding, 'is akin to an argument that prison officials should be equitably estopped from relying upon the exhaustion defense.' But since Mr. Stephens does not allege detrimental reliance on prison officials, we do not decide whether equitable estoppel applies here.") (citations omitted.).[6]

---

[5]Moreover, even assuming that incorrect legal advice was a recognized exception to timely exhaustion, plaintiff points to no evidence that he has since attempted to exhaust his claim. *Cf. Hahn v. Armstrong*, 2011 WL 135740, at *2 (8th Cir. Jan. 18, 2011) ("[T]his court has not recognized exceptions to the PLRA's exhaustion requirement for delay due to medical treatment or poor legal advice. Even were we to recognize these exceptions, they would not excuse the four year delay in this case.").

[6]Plaintiff proceeded to file a Step 3 grievance relating to his complaints regarding his program placement, see Docket No. 14 at 31, to which he received a response in October 2009. See Docket No. 14 at 29-30. Plaintiff also initiated a Step 1 grievance in September 2009. *See* Docket No. 41 at 7. He contends that he filed a Step 2 grievance in October 2009 to which he never received a response. *See* Docket No. 41 at 5. Plaintiff argues that the prison's failure to timely respond renders the administrative remedies unavailable. *Cf. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[F]ailure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable . . . ."). The administrative regulations applicable to plaintiff, however, provide that, "[i]n the event the time limit concerning any step of the process expires without a response, the offender may proceed to the next step within five calendar days of the date the

In sum, plaintiff has failed to come forward with evidence creating a genuine dispute of material fact on the issue of his exhaustion. Therefore, summary judgment will enter in favor of defendants, and plaintiff's claims will be dismissed without prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("dismissal based on lack of exhaustion . . . should ordinarily be without prejudice"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[7]

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 48] is ACCEPTED to the extent discussed above. It is further

**ORDERED** that defendant Cantonwine's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) or for Summary Judgment [Docket No. 30] is GRANTED. Plaintiff's claims against defendant Cantonwine are dismissed without prejudice. It is

---

response was due." CDOC Admin. Reg. 850-04(IV)(I)(1)(d), Docket 37-1 at 7. Moreover, the substance of plaintiff's grievances did not cover the allegations in this case. Rather, they focused upon plaintiff's desire to be returned to a therapeutic treatment program.

[7]Plaintiff contends that one of the defense counsel has a conflict of interest. *See* Docket No. 53 at 8; Docket No. 57 at 3-4; Docket No. 58 at 2. Plaintiff is under the mistaken impression that one of the defense counsel works both for a private law firm and the Colorado Attorney General's Office. That misunderstanding is based on an error found in an Amended Certificate of Mailing filed in another case. *See* Docket No. 53 at 26; *see also* Docket No. 74 in Civil Action No. 09-cv-01051. Furthermore, plaintiff has requested that the response to his objections filed by defendants Neal and Erhart should be stricken because it was signed by an attorney who had not yet entered an appearance. *See* Docket No. 57; *see also* Docket No. 58 (requesting that the Court strike defendant Cantonwine's joinder in the response filed by defendants Neal and Erhart). Plaintiff does not explain why the entry of appearance through the response would have been improper or require that the filing be stricken. In any event, the Court notes that the attorney did file a notice of entry of appearance prior to filing the response. *See* Docket No. 52.

further

**ORDERED** that defendants Neal and Erhart's motion for summary judgment [Docket No. 34] is GRANTED.  Plaintiff's claim against defendants Neal and Erhart is dismissed without prejudice.  It is further

**ORDERED** that plaintiff's motions to strike [Docket Nos. 57, 58] are DENIED.  It is further

**ORDERED** that, in accordance with the foregoing, judgment shall enter in favor of defendants and against plaintiff.

DATED February 28, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge